**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GREAT NORTHERN INSURANCE
COMPANY, a/s/o SHIRA WHITE,

                                    Plaintiff,            1:21-CV-00685
          v.                                                  (AMN/CFH)

ADT LLC,

                                    Defendant.

---

**APPEARANCES:**                                     **OF COUNSEL:**

Eustace, Marquez Law Firm                HEATH A. BENDER, ESQ.
1311 Mamaroneck Avenue
White Plains, New York 10605
Attorneys for plaintiff

Hoey, King, Epstein, Prezioso & Marquez    MICHAEL MUNGER, ESQ.
55 Water Street, 28th Floor
New York, New York 10041
Attorneys for plaintiff

Shook, Hardy & Bacon, LLP               JOSEPH IEMMA, ESQ.
1 Rockerfeller Center, Ste. 2801
New York, New York 10020
&
2555 Brand Blvd.                                   SARAH JONES, ESQ.
Kansas City, Missouri
Attorneys for defendant

## MEMORANDUM-DECISION & ORDER

      Presently before the Court is defendant ADT LLC's motion to compel plaintiff

Great Northern Insurance Company ("Great Northern") to produce supplemental

responses to interrogatories and requests for production.  See Dkt. No. 57.   Plaintiff opposed.  See Dkt. No. 58.  Defendant replied.  See Dkt. No. 60.[1]

## I. Arguments

### A. Defendant's Argument

Defendant firstly argues that plaintiff failed to timely respond to defendants' first set of interrogatories and requests for production.  See Dkt. No. 57-1.  Defendant contends that it agreed to several extensions to allow plaintiff time to respond, after being promised that responses would be served by the expanded deadline.  See id. at 2.  Defendant asserts that it followed up with plaintiff's counsel many times seeking discovery but did not receive a timely response, only a further request to delay the matter.  See id. at 2-3.  Once plaintiff did respond, defendant contends, the responses were inadequate.  See id.  Defendant seeks attorney's fees and costs associated with this motion.  See id. at 7.

### B. Plaintiff's Argument

Plaintiff argues that Shira White is a subrogor and "not a party to this action" as the "[r]eal party in interest is Great Northern Insurance Company."  Dkt. No. 58 at 1.  Plaintiff contends that it "timely" served responses to defendant's "Interrogatories & Request for Production of Documents," but advised defendant that if it sought to depose Ms. White, it would need to serve a subpoena.  Id.  Plaintiff contends that requiring a subpoena for Ms. White's deposition put defendant "on notice that a subpoena was

---

[1]  The facts underlying this case are presumed and will not be repeated here.

2

necessary to gain the relevant information/deposition being sought."[2]  Id.  Plaintiff argues that it responded to the interrogatories because the interrogatories "were directed to Plaintiff, not Ms. White[,]" despite defendant being on notice that it would need to subpoena Ms. White.  Id.  Plaintiff asserts that it sought extensions of time to respond to interrogatories "while it sought the cooperation of Ms. White for the documentation," but "after those efforts failed, and no further clarification or documentation could be produced," defendant filed the motion to compel.  Id.

Plaintiff "note[s] and concede[s]" that it "could have informed Defendant that the best way to obtain the requested information was to serve a subpoena on the non-party subroger[,]" Dkt. No. 58 at 3, but contends that defendant carries the burden of demonstrating that plaintiff has control over the discovery materials and information sought, according to "the relevant standard[.]"  Id. at 2-3 (citing Dietrich v. Bauer, No. 95 CIV. 7051, 2000 WL 117132, at *4 (S.D.N.Y. Aug. 6, 2000), reconsideration in part, 198 F.R.D. 387 (S.D.N.Y. 2001)).

As to the specific interrogatory responses, plaintiff largely argues that its provided interrogatory responses were either accurate and provided as much information it had, were answers or information already disclosed, or were interrogatories that were "more properly sought from the Plaintiff's subrogar."  Dkt. No. 58 at 4-6.  As to interrogatories relating to experts, plaintiff contends that defendant's requests are "premature and will be supplemented."  Id. at 5 (citing interrogatories 10, 11, 14).

---

[2]  It does not appear that plaintiff should have required defendant to depose plaintiff pursuant to a subpoena.  See Travelers Prop. Cas. Co. of Am., LLC v. Daimler Trucks N. Am., LLC, No. 14-CV-1889 JPO JLC, 2015 WL 1728682, at *3 (S.D.N.Y. Apr. 14, 2015) ("Daimler Trucks, however, maintains that it is entitled to factual information pertaining to Plaintiffs' liability and damages claims and, because Plaintiffs are subrogated to the rights of their insureds and these rights are presumably defined by a contract that requires the insureds to cooperate, any factual information known to the insureds is 'reasonably available' to Plaintiffs and 'the proper subject of deposition.'").

### C. **Defendant's Reply**

In reply, defendant reiterates its argument that, because plaintiff "failed to provide timely responses to ADT's First Set of Interrogatories and Requests for production," it "waived all objections to the requested discovery." Dkt. No. 60 at 1. Defendant further argues that plaintiff Great Northern's argument that Ms. White "is a third party whose documents and information it cannot be requested to be produced" is not supported by the relevant law, and that case law instead holds that plaintiff "stands in the shoes of its insured" with all of the "all rights, defenses and remedies of the subrogor and is subject to any claims or defenses which may be raised against the subrogor; thus, the rights of a subrogee must be determined with respect to the rights of the subrogor." Id. at 2-3. Defendant argues that this includes "the burden of meaningfully responding to discovery on behalf of the subrogee."[3] Id. at 3.

## II. **Legal Standard**

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") Rule 26(b)(1) states, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within this scope of discovery need not be admissible in evidence in order to be discoverable." FED. R. CIV. P. 26(b)(1). Under Rule 37, following a "good-faith" effort to meet and confer, a party may move for an order compelling disclosure or discovery Fed. R. Civ. P. 37(a). See FED. R. CIV. P. 37(a)(3). "'Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'" Harris v. Bronx Parent Hous. Network, Inc., No. 18-CV-11681, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14,

---

[3] Defendant likely intended to write, "on behalf of the subroger."

2020) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)).  A district court has broad latitude to determine the scope of discovery and to manage the discovery process.'"  Tromblee v. The State of New York, et al., No. 1:19-CV-638 (BKS/CFH), 2022 WL 2818222, at *2 (N.D.N.Y. July 19, 2022) (quoting EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012) (additional citation omitted)).  "Motions to compel made pursuant to Rule 37 are 'entrusted to the sound discretion of the district court.'"  Id. (quoting Harris v. Bronx Parent Hous. Network, Inc., No. 18-CV-11681, 2020 WL 763740, at *1 (S.D.N.Y. Feb. 14, 2020) (additional citation omitted)).

It is well settled that when an insurer is a subrogee, it "stands in place of the insured and success to whatever rights or disabilities [the subrogor] may have in the matter."  Lumbermens Mut. Cas. Co. v. Borden Co., 268 F. Supp. 303, 313 (S.D.N.Y. Apr. 7, 1967); see also United States v. Munsey Trust Co., 332 U.S. 234, 242 (1947); Am. Bureau of Shipping v. Tencara Shipyard S. P. A., 170 F.3d 349, 353 (2d Cir. 1999) ("[A] n insurer-subrogee stands in the shoes of its insured.") (citations omitted).

### III.  Discussion

The Court addresses first defendant's argument that plaintiff waived all objections to discovery requests because plaintiff failed to timely respond to its requests for production and interrogatories.  The Court notes that plaintiff, in its response, made "general" objections, though did not specifically object to all of the relevant interrogatories and RFPs 1, 2, 5, 8, and 10.[4]  As defendant cites, cases in this Circuit have held that a failure to timely respond to discovery amounts to a waiver of all

---

[4]  Plaintiff did specifically indicate objection to RFPs 11 and 12. See Dkt. No. 57-6 at 16.

5

objections associated with those discovery requests.  See, e.g., Senat v. City of New York, 255 F.R.D. 338, 339 (E.D.N.Y. 2009); see also Carl v. Edwards, No. CV163863 (ADS/AKT), 2017 WL 4271443, at *7 (E.D.N.Y. Sept. 25, 2017) (finding all objections to document demands and interrogatories, other than objections to privilege, were waived where the defendants failed to respond to the plaintiff's document demands and interrogatories and failed to respond to the plaintiff's motion to compel).  One Court has noted that deeming objections waived due to a delay is a "harsh sanction" and recognized that a district court has discretion to "excuse" the delay in serving responses to discovery demands.  Gesualdi v. Interstate Payroll Co., Inc., No. 14-CV-6780 (ADS/SIL), 2016 WL 737909, at *2 (E.D.N.Y. Feb. 22, 2016).

After weighing all considerations, this Court declines to conclude that all of plaintiff's objections to the document demands and interrogatories are deemed waived by its failure to timely respond.  This Court maintains the discretion to apply sanctions, including waiver of objections, as it sees fit.  Although the Court recognizes the importance of its scheduling order to the timely litigation of this case and is far from condoning plaintiff's dilatory behavior, the Court acknowledges that plaintiff did file some form of a response, albeit – as will be discussed more below – inadequate and delayed.  See Carl v. Edwards, No. CV163863 (ADS/AKT), 2017 WL 4271443, at *7 (E.D.N.Y. Sept. 25, 2017) (quoting Kassim v. City of Schenectady, 221 F.R.D. 363, 365 (N.D.N.Y. 2003) ("[A] court's scheduling order, issued in accordance with Rule 16, "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.").

Next, the Court reviews whether plaintiff properly declined to provide interrogatory responses and requests for production relating to information or materials it claims were in the possession of Ms. White.  Despite plaintiff's arguments, the Court does not agree that Ms. White is a "third party" to this action rendering plaintiff without duty to provide responses relevant to information and material within Ms. White's possession or knowledge.  Instead, plaintiff Great Northern, as the insurer and subrogee, "stands in [her] shoes[,]"  Millennium Holdings LLC v. Glidden Company, 176 A.D.3d 423, 112 N.Y.S.3d 80 (1st Dep't 2019), which extends to its discovery obligations.  Plaintiff Great Northern has a duty to provide discovery responses and materials and if these responses or materials are in the knowledge and possession of Ms. White, they must take all necessary and reasonable steps to obtain that information or material for defendant as party of the discovery process.  Further, the Court also concludes, contrary to plaintiff's argument, that requiring defendant to depose Ms. White through use of a subpoena did not put defendant on notice that a subpoena would be required for their interrogatories or requests for production.   Although in the context of a Rule 30(b)(6) witness, the Court finds Travelers Prop. Cas. Co. of Am., LLC v. Daimler Trucks N. Am., LLC, No. 14-CV-1889 JPO JLC, 2015 WL 1728682, at *4 (S.D.N.Y. Apr. 14, 2015) instructive when considering plaintiff's discovery duties as a subrogee.  There, the Court stated, "[c]ourts have construed Rule 30(b)(6) to require an insurance company pursuing a subrogation claim to produce a witness who can testify to the underlying facts supporting the company's claims, even if the source of the information comes from its insureds and it has no employees or agents with firsthand knowledge of the facts."  Travelers Prop. Cas. Co. of Am., LLC, 2015 WL 1728682, at *4

7

(citing U.S. Fire Ins. Co. v. Rockland Fire Equipment Co., Inc., 227 A.D.2d 289, 642 N.Y.S.2d 314 (1st Dep't 1996)).  The rationale applies to general discovery responsibilities, such as the interrogatories and requests for production in question here, because it is based in the duty the insurer takes on as subrogee.  Thus, even if information is in Ms. White's exclusive possession, it is plaintiff's responsibility to obtain and produce it in discovery.

To the extent plaintiff cites Dietrich, 2000 WL 1171132, at *4, to argue that defendant must first show that plaintiff has control over the discovery materials sought, potentially to suggest[5] that it does not have control over information or material in the possession of Ms. White, the Court agrees with defendant that this reliance is misplaced or incomplete.  Dietrich, 2000 WL 1171132, at *4.  Dietrich involved a parent company bank and a subsidiary, not a subrogor and subrogee in the insurance context.  See id. Moreover, even if this significant factual distinction were not present, the only language plaintiff cites from Dietrich is the broad holding that the movant bears the burden of demonstrating that the nonmovant has "control over the materials sought."  Dkt. No. 58-1 at 3.  Nothing in Dietrich states that a subpoena is required for a subrogor in an insurance context or that the movant must demonstrate that the subrogee has "control" over the materials.  Plaintiff has offered no argument or on-point case law arising from a discovery dispute between an insured/insurer and subrogor/subrogee.  As the Court finds that plaintiff, as subrogee, stands in the shoes of the subrogor, Ms. White, it finds that its responses directing defendant to obtain responses through a subpoena to Ms.

---

[5]  Plaintiff does not explicitly state as such.  See Dkt. No. 58-1 at 2-3. Instead, plaintiff contends that the "proper way" or the "best way" to proceed is by issuing a subpoena, but this intent is inferred.  See id. at 3.

8

White are inadequate.  Accordingly, defendant's motion to compel is granted with respect to interrogatory numbers 2, 8, 11, 12, and 16.

As to the interrogatories relating to expert materials or topics, the deadline for expert disclosure has long expired under the Uniform Pretrial Scheduling Order.  See Dkt. No. 43 at 2.  The Court is at a loss as to what plaintiff is waiting for; how interrogatory 10, 11, and 14 are still "premature"; and when it intended to "supplement[]."  Id.  At the time plaintiff filed this opposition, discovery and the expert disclosure deadline had already expired, and, to the Court's knowledge, plaintiff has not since complied with any of the expert discovery requirements.  Accordingly, plaintiff's motion to compel is granted with respect to interrogatories 10, 11, and 14.

The Court next addresses the interrogatories and requests for production that defendant contends are incomplete and inadequate.  For interrogatory 1, which asks who was present at the residence when the ADT system was installed, defendant answered "no one," which, as defendant points out, suggests that not even Ms. White or an ADT technician was present when installation of the system occurred.  Dkt. No. 57-1 at 3.  In response in opposition, it is clear plaintiff misread the question.  Plaintiff contends that its original response to the interrogatories "speaks for itself" and retorts that defendant "asked who was present at the time of the loss and the response was 'no one.'  The response could not have been more clear."  Dkt. No. 58-1.  However, interrogatory 1 plainly asks who was present <u>at the time when your ADT System was installed</u>."  Dkt. No. 57-2.  What is "clear" is that plaintiff's response is inadequate as it does not address the question asked and plaintiff's response in opposition is proof of that.  Defendant's motion is granted with respect to interrogatory 1.

9

Addressing the requests for production ("RFP"), defendant contends that in response to RFPs 1, 2, and 5, plaintiff did not provide any documents and did not object to these specific requests.  See Dkt. No. 57-1.  Defendant argues that these requests "seek documents relied upon in responding to ADT's First Set of Interrogatory Responses, as well as documents ADT anticipates Plaintiffs will identify in their supplemental responses."  Dkt. No. 57-1 at 6.  RFP 1 seeks "all Documents that You referred to or relied upon in responding to ADT's First Set of Interrogatories to Plaintiff."  Dkt. No. 57-3 at 6.  RFP 2 seeks "all documents identified in Your Rule 26 initial disclosures."  Id.  RFP 5 seeks "any and all documents provided to You by ADT in connection with your ADT System."  Id.  In response to RFPs 1 and 2, plaintiff stated, "[a]ll documents relating to this action have been previously disclosed in Plaintiffs' [sic] subrogor's disclosures."  Dkt. No. 57-6 at 14.  For RFP 5, plaintiff responded, "Plaintiffs [sic] subrogor is only in possession of any apology letter from Defendant which was previously produced in discovery."  Id.  It is not clear what documents defendant seeks plaintiff to disclose that has not already been disclosed.  Defendant makes reference to seeking supplemental responses.  It appears that that defendant is suggesting that plaintiff never made disclosures or that it believes there are documents that are responsive but have yet to have been disclosed; thus, plaintiff is directed to disclose any documents responsive to RFPs 1 and 2.  To the extent defendant refers to supplemental responses, if plaintiff has further relevant documents that were said to have been disclosed but were not disclosed, defendant is ordered to produce such documents.  If all documents have already been disclosed, defendants are to supplement the response to the RFPs by identify which documents that have already

been overturned are relevant to RFPs 1 and 2. If there are no further responsive documents and all responsive documents have been produced, plaintiff is to further clarify this in writing to defendant.

As for RFP 5, if Ms. White has no other documents from ADT, as it is suggested in plaintiff's response the RFP, then the Court cannot order plaintiff to produce documents that it or Ms. White does not have. However, if Ms. White recalls being provided other documents but no longer knows their location or believes she has disposed of such communications, plaintiff is directed to supplement its response to RFP 5 by providing whether Ms. White is aware of any other documents or communications she received from ADT but is no longer in possession of, what those documents or communications entailed, and why she is no longer in possession of any such documents or communications. Further, it is unclear what, if any other documents defendant seeks in association with RFP 5, given that plaintiff has indicated that Ms. White produced the only document in her possession. However, because, given the sparsity of plaintiff's responses, it is possible there may be other materials that she recalls possessing, the motion is granted with respect to RFP 5, as specified herein.

RFP 8 seeks "any and all photographs showing the placement and location of all items associated with Your ADT System inside the Residence." Dkt. No. 57-3. However, despite citing RFP 8, defendant's motion provides that RFP 8 relates to statements and suggests that plaintiff should have overturned expert reports and statements. See Dkt. No. 57-1 at 6. It appears defendant's cites to RFP 8 were a scrivener's error and that defendant was intending to refer to RFP 7. RFP 7 seeks "any statements You have obtained from any person regarding the subject matter of the

11

Complaint, including but not limited to all statements of any employees or agents of ADT." Dkt. No. 57-3 at 7. In response to RFP 7, plaintiff directed defendant to the "apology letter" from ADT it stated it already produced and noted that Ms. White "also received an apology from an unknown ADT employee when ADT was called by Plaintiffs [sic] subrogor after the incident." Dkt. No. 57-6 at 15.

The Court agrees with defendant that RFP 7 would encompass "expert reports and non-privileged statements." As plaintiff indicated that it had at least hired an expert, in addition to being required to disclose the expert's identity, subject matter, and report under the parties' expert disclosure requirements, it should have disclosed this information in response to RFP 7. As it appears that has not occurred, plaintiff is directed to supplement its response to RFP 7 to produce the identifies of any experts, and the expert reports or statements relating to this action.

RFP 10 seeks "all other Documents relating to the damages You claim to have incurred or for which You seek recovery in the Complaint." Dkt. No. 57-3 at 6. RFP 11 seeks plaintiff to "produce all Documents which detail the amount spent on the renovation of your Residence after the water incident in January or 2019." Id. In response to RFP 10, plaintiff stated that "[a]ll damage related documents have previously been produced as part of Plaintiffs [sic] disclosures." Dkt. No. 57-6 at 16. In response to RFP 11, plaintiff objected and stated that the

> request is directed to a non party witness and is therefore improper. Without waiving said objection, this request seeks in formation [sic] which is irrelevant to this claim as Plaintiff is only seeking the replacement cost value of the property immediately before the loss less depreciation. The repairs made by Plaintiffs [sic] subrogor are irrelevant to the action.

Id.

Defendant explains that it seeks supplementation because it requires documents relevant to plaintiff's "damages calculation in support of the statement" that Ms. White is seeking the "replacement cost value of the property immediately before the loss less depreciation." Dkt. No. 57-1 at 6. For the reasons discussed above, the Court rejects plaintiff's objection insofar as it contends that the request is improper because it is directed to a nonparty witness. Again, as the insurer-subrogee, plaintiff stands in Ms. White's shoes; thus, it is proper for defendant to seek this discovery directly from plaintiff. See supra at 6. The Court agrees with plaintiff; thus, the motion is granted with respect to RFPs 10 and 11. If there exist documents relevant to how plaintiff and/or Ms. White reached a damages calculation or figured out the replacement cost minus depreciation, that information and resulting figure(s) should be disclosed to defendant. The Court further agrees that if plaintiff has already produced the calculation and resulting figures, plaintiff is to identify by Bates-stamped page numbers where those documents were already produced.

> RFP 12 seeks
>
> [d]ocuments You sent to or received from Your insurance adjuster regarding the loss and restoration at Your Residence, including, but not limited to, all Documents of communications identified by You in Your responses to ADT LLC's First Set of Interrogatories Number 5, as well as receipts, invoices, quotes, contractor information, sub-contractor information, and any other contact information or Documents from any person(s) who sent quotes or was engaged in the restoration of the Residence.

Dkt. No. 57-3 at 6. Plaintiff objected to RFP 12, stating that the response is "directed to a nonparty witness and is therefore improper." Dkt. No. 57-6 at 17. It further stated, without waiving its objection, the same objection it raised in response to RFP 11: "this request seeks in formation [sic] which is irrelevant to this claim as Plaintiff is only

13

seeking the replacement cost value of the property immediately before the loss less depreciation. The repairs made by Plaintiffs [sic] subrogor are irrelevant to the action." Id. As with RFP 11, even if Ms. White seeks the replacement cost of the property before the loss minus depreciation, rather than the cost of repairs, there must be a calculation for how that value was reached as well as the value resulting from that calculation. As with RFP 11, the Court concludes that plaintiff must supplement its response to provide any such calculation and the figure reached. If such calculation and figure have already been produced, plaintiff is to provide specific direction, via Bates-stamped page numbers, as to where in the production such information was provided.

The Court next moves to consideration of defendant's request that plaintiff be ordered to pay for the attorney's fees and costs associated with this motion. Under Fed. R. Civ. P. 37(a)(5)(A),

> If the motion is granted – or the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard,[6] require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making that motion, including the attorney's fees.

An exception to this requirement, as relevant here, is if the failure was "substantially justified or if other circumstances make an award of expenses unjust." Id.

In considering the applicability of sanctions, the Court notes that in communications provided to this Court in support of this motion, it is clear that plaintiff did not timely put defendant on notice of its position that much of the information sought

---

[6] The Court concludes that plaintiff had the opportunity to be heard as defendant asked for costs and fees associated with this motion within its motion papers, and defendant had the opportunity to respond.

needed to be subpoenaed from Ms. White; failed to timely respond to requests for discovery material; and then, after obtaining the extension, made it seem to defendant that they planned to produce the requested discovery.  See Dkt. Nos. 57-5, 57-6, 57-7. Defendant has demonstrated that plaintiff failed to timely disclose relevant information and discovery materials and provided inadequate responses to interrogatories and RFPs, and plaintiff has not shown that the delay was substantially justified or harmless. Plaintiff delayed providing responses to the interrogatories and RFPs, missing several deadlines, requiring defendant to request extensions, all the while making it seem to defendant that plaintiff would produce the required answers and materials.  See Dkt. No. 57-1 at 1-3.  Despite such promises, plaintiff revealed, for the first time in response to this motion, that the discovery responses were delayed because plaintiff was attempting to get Ms. White to comply, but was ultimately unsuccessful.  Plaintiff produces no evidence of its claim that the extensions it sought were made in order to seek Ms. White's cooperation.  See Dkt. No. 58 at 2.  Beyond this statement in its opposition brief, plaintiff provides no support for any of counsel's efforts to seek out Ms. White's cooperation or even attempts demonstrate that he shared Ms. White's alleged refusal to cooperate with defendant.  This position conflicts with plaintiff's responses to the interrogatories and RFPs and elsewhere in its opposition brief, wherein it argues that it was never required to disclose much of the answers or documents and defendant must seek a subpoena of Ms. White.  See Dkt. No. 58-1 at 2.

      Although plaintiff notes that it did provide a response to the interrogatories and RFPs, dkt. no. 58-1, the inadequate responses do not render the delay and incompleteness of the responses substantially justified to warrant exclusion from the

15

sanction requirement. As plaintiff's conduct has delayed the litigation of this action – it has required defendants to exert additional time in following up with plaintiff's counsel, requesting extensions due to plaintiff's delays, filing this motion, and necessitating the adjournment of mediation deadline – and demonstrates disregard of this Court's scheduling order[7]– the Court finds that requiring plaintiff to pay certain of defendant's attorney's fees and costs associated with this motion is proper. See Dkt. No. 63.

The Court does, however, consider the fact that plaintiff was not entirely neglectful in all aspects of discovery – it provided some responses and appears to have provided certain Rule 26 initial disclosures. Thus, the Court reduces by one half the amount of attorney's fees and costs for which plaintiff will be responsible. Accordingly, the Court grants the motion with respect to defendant's request for reasonable costs and fees associated with the bringing of this motion insofar as it orders plaintiff Great Northern and defense counsel[8] to pay fifty percent of defendant's associated costs and fees.

---

[7] Disregard is further demonstrated by plaintiff's failure to meet any of the expert deadlines set forth in the Uniform Pretrial Scheduling Order.

[8] Here, the Court has limited information about Ms. White's conduct apart from one claim in plaintiff's opposition that delays were due to counsel for plaintiff awaiting Ms. White's cooperation, but that his efforts were unsuccessful. Dkt. No. 58-1 at 2. However, even if the delays were caused, at least in part by Ms. White's refusal to cooperate, the Court places the blame also on plaintiff Great Northern and its counsel as counsel failed to timely disclose documents and respond to discovery requests and, to the Court's knowledge, failed to timely communicate with defendant or the Court about the alleged difficulty counsel experienced in getting Ms. White to respond. Indeed, the Court questions this excuse given that its responses to interrogatories and requests for production state that a subpoena will be required because Ms. White was a nonparty. See generally Dkt. No. 57-6; see Mikhlyn v. Bove, No. 08-CV-3367 ARR RER, 2011 WL 4529613, at *4 (E.D.N.Y. Sept. 28, 2011):

> Generally, "[t]he acts and omissions of counsel are normally wholly attributable to the client, and sanctions may be imposed against a party for her counsel's misconduct." Perez v. Siragusa, No. CV–05–4873(CPS)(JMA), 2008 U.S. Dist. LEXIS 51593, at * 12, 2008 WL 2704402 (E.D.N.Y. July 3, 2008); see also Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir.1979) ("A litigant chooses counsel at his peril, and . . . counsel's disregard of his professional responsibilities can lead to extinction of his client's claim."). A court must order the "disobedient party, the attorney advising that party, or both to pay attorney's fees, caused

IV. **Conclusion**

Wherefore, for the reasons set forth herein, defendant ADL LLC's motion to compel, Dkt. No. 57, is **GRANTED**. Plaintiff is to provide supplemental responses to interrogatories 1, 2, 8, 10, 11, 12, 14, 16, and Requests for Production 1, 2, 5, 7, 10, 11, and 12, as specified within this Memorandum-Decision & Order, within **thirty (30) days** of the filing date of this Memorandum-Decision & Order; and it is further

**ORDERED**, that plaintiff, Great Northern, is to pay fifty (50) percent of defendant's attorney's fees and costs associated with this motion within **thirty (30) days**[9] of the filing date of this Memorandum-Decision & Order; and it is further

**ORDERED**, that the Clerk serve this Memorandum-Decision & Order on plaintiff Great Northern in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: September 23, 2024
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

by the failure [to meet discovery obligations]." Fed. R. Civ. Pro. 37(b)(2)(C) (emphasis added). Under certain circumstances where the sanctionable conduct can be said to be solely attributable to an attorney, a district court may in its discretion impose sanctions only against the counsel. See e.g., Auscape Int'l v. Nat'l Geographic Soc'y, No. 02 Civ. 6441(LAK), 2003 U.S. Dist. LEXIS 561, at * 16, 2003 WL 139213 (S.D.N.Y. Jan. 17, 2003) (imposing sanctions only on counsel where no evidence that counsel communicated violated discovery order to party, and counsel admitted that he never sent document requests at issue to his clients).

[9]  Defense counsel is to provide to counsel for plaintiff, in a timely manner, a list of its reasonable attorney's fees and costs associated with the motion to compel.

17